FILED

2025 Feb-13  AM 08:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**FREDDY R. GREEN, JR.,**
    Plaintiff,

**v.**

**Case No. 4:24-cv-193-CLM**

**TOTAL TRANSPORTATION OF MISSISSIPPI, LLC,** *et al.,*
    Defendants.

### MEMORANDUM OPINION

Freddy Green drove commercial trucks for Total Transportation of Mississippi, LLC ("Total Transportation") and U.S. Xpress Enterprises, Inc. ("U.S. Xpress"). Green now sues Total Transportation and U.S. Xpress for employment discrimination.

While employed, Green signed a form consenting to the arbitration of any legal dispute between him and the company. Defendants ask the court to enforce that agreement and compel arbitration. (Doc. 9). For the reasons stated within, the court **GRANTS** Defendants' motion to compel arbitration of Green's claim against them.

### BACKGROUND

Total Transportation is an asset-based truckload carrier providing transportation and storage services throughout the United States. U.S. Xpress is the parent company of Total Transportation.

Green started driving for Total Transportation in September 2019. As part of his new employee onboarding process, Green electronically signed various release and consent forms, including a written agreement consenting to Total Transportation's Total Resolution Program ("The Resolution Program"). The Resolution Program streamlines legal disputes

involving Total Transportation through means of arbitration. The Resolution Program starts like this:

**U.S. Xpress, Inc.**
**Xpress Resolution Program and Rules for Arbitration**

1. **Purpose.** The Xpress Resolution Program is designed to provide quick, fair, and inexpensive resolution of disputes among U.S. Xpress, Inc. and its applicants and employees. Except as otherwise stated herein, the Xpress Resolution Program creates the only process for resolving such disputes, and no such dispute can be pursued before a judge and jury in court.

(Doc. 9-2, p. 5). The Resolution Program later requires "Arbitration" for Legal Disputes, which it defines as "any dispute . . . that involves any legal or equitable claim":

5. **Mandatory and Binding Arbitration.** This Program is the exclusive method through which Legal Disputes may be resolved. The Neutral Provider will administer Arbitration under its Rules (except as noted otherwise herein). Company will be responsible for paying the Expenses of Arbitration. Nothing in this Program is intended to dissuade any Participant from using Company's Equal Employment Opportunity and similar policies to report suspected violations of the law and/or policy. To the contrary, Participants must comply with those policies.

Arbitration is also defined:

B. "Arbitration" means a legal proceeding administered by a Neutral Provider that uses an Arbitrator who issues a signed, written decision that is binding on the Parties to a Legal Dispute.

There is no dispute Green signed the Resolution Program.

| Printed Name: | Freddy Rapheal Green, Jr. | Signed Date: | 10-09-2019 |
| --- | --- | --- | --- |
| Social Security #: | 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 | Signed: | *[signature]* |

Green voluntarily left Total Transportation on October 5, 2022. Following his departure, Green filed suit against Defendants alleging that he was discriminated against based on race, color, gender/sex, and age. Green alleges Defendants provided false information about Green's job requirements; they underpaid Green for completed work; and, their supervisors treated Green unfairly. Defendants argue that Green must prosecute these claims in arbitration under the Program's terms.

## STANDARD OF REVIEW

The court should treat motions to compel arbitration like motions for summary judgment. *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014). Summary judgment is appropriate only when the moving party shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it is one that might affect the outcome of the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). And all evidence must be viewed and inferences drawn in the light most favorable to the nonmovant. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that any arbitration provision in a written "contract evidencing a transaction involving commerce…shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. This provision "reflect[s] both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Following these policies, "courts must place arbitration agreements on equal footing with other contracts and enforce them according to their terms." *Id*.

When determining whether to grant a motion to compel arbitration, this court must "consider: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute in question falls within the scope of that agreement." *Carusone v. Nintendo of Am., Inc.*, No. 5:19-CV-01183-LCB, 2020 WL 3545468, at *3 (N.D. Ala. June 30, 2020) (quoting *Scurtu v. Int'l Student Exch.*, 523 F. Supp. 2d 1313, 1318 (S.D. Ala. 2007)). "To resolve these questions, courts apply state-law principles relating to ordinary contract formation and interpretation, construed through the lens of the federal policy favoring arbitration." *Scurtu*, 523 F. Supp. 2d at 1318' *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) ("[When] determining whether a binding agreement arose

between the parties, courts apply the contract law of the particular state where the dispute occurred."). The court considers both issues below.

## 1. A valid arbitration agreement exists.

Whether an arbitration agreement exists is "simply a matter of contract." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S.938, 943(1995)). But "while doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." *Id.* at 1329. So without an agreement to arbitrate, "a court cannot compel the parties to settle their dispute in an arbitral forum." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).

Defendants' Resolution Program requires arbitration:

> 5. **Mandatory and Binding Arbitration.** This Program is the exclusive method through which Legal Disputes may be resolved. The Neutral Provider will administer Arbitration under its Rules (except as noted otherwise herein). Company will be responsible for paying the Expenses of Arbitration. Nothing in this Program is intended to dissuade any Participant from using Company's Equal Employment Opportunity and similar policies to report suspected violations of the law and/or policy. To the contrary, Participants must comply with those policies.

Green electronically signed the Resolution Program; he did not request or require any modifications to its terms; and he did not opt out of its terms. "[W]hen a competent adult…signs a contract, [they] will be held to be on notice of all provisions contained in that contact and will be bound thereby." *Ex parte Brown*, 26 So. 3d 1222, 1227 (Ala. 2009). Because Green signed the contract detailing the Program's arbitration requirement and failed to opt out of any aspect of the Program, he is bound to the Program's arbitration provision. (Docs. 9-1, 9-2).

## 2. Green's claims are covered by the arbitration agreement.

Green presents no argument that his claims fall outside the Resolution Program's arbitration clause, with good reason. The Resolution Program says that all Legal Disputes must be resolved in arbitration and broadly defines "Legal Disputes" as "any dispute between

a Participant and the Company that involves any legal or equitable claim…including events before or after a Participant's employment." (Doc. 9-1, p. 5). Green's employment discrimination claim fits this definition because it is a legal claim related to his employment by Defendants.

Under the FAA, "any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "[T]he party resisting bears the burden of proving that the claims at issues are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Green cannot meet his burden to show that his claims are unsuitable for arbitration (nor has he tried).

—

To sum up, the court finds that (a) the parties agreed to arbitration under the Resolution Program and (b) Green's claims of employment discrimination fall within the Resolution Program's broad arbitration provision.

## CONCLUSION

For the reasons stated above, the court will **GRANT** Defendants' motion to compel arbitration (doc. 9) and **STAY** the claims against Defendants under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3.

The parties must inform the court when arbitration has begun. When they do, the court will dismiss the claims against Defendants without prejudice. The dismissal of the claims will allow Green or Defendants to refile this case, to confirm, vacate, or modify any arbitration award.

**DONE** and **ORDERED** on February 13, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE